**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOHAMMED ARRASSI | | |
| | **Plaintiff** | |
| **v.** | | **Civil Case No. 25-4296** |
| SIGNIFY HEALTH, LLC | | |
| | **Defendant** | |

**MEMORANDUM**

**HENRY, J.**                                                    **May 4, 2026**

Plaintiff, Mohammed Arrassi brought this lawsuit *pro se* against Defendant, Signify

Health, LLC, for claims under the Family and Medical Leave Act, the False Claims Act, and

Pennsylvania common law. In response, Signify filed a Motion to Compel Arbitration, arguing

that Arrassi entered an "unambiguous, valid, and enforceable" arbitration agreement through

which he agreed to "arbitrate all claims or controversies" against Signify. ECF No. 12, p. 1.  That

motion is currently pending, and I must deny it without prejudice to allow the parties to engage

in a brief period of discovery.

## I.    BACKGROUND

Because Arrassi is *pro se* and used the Court's form "Complaint For a Civil Case"

intended for a *pro se* plaintiff, the allegations in his complaint are scant. ECF No. 1. However, it

appears that he is a resident of Pennsylvania and at some point, was employed by Signify, as his

Complaint contains allegations of termination and lost income. *Id*. at 4. His Complaint states that

he was terminated while on FMLA leave to attend the funeral of an immediate family member,

that he engaged in protected activity by reporting conduct that could lead to false claims being

submitted to the government under Medicare Advantage, that he refused to participate in

1

unlawful and unethical conduct including unnecessary medical testing, patient deception, and fraudulent billing practices and was therefore terminated by Signify. Compl. at 4. There is no further factual information contained in Arrassi's Complaint.

In response, Signify filed a Motion to Compel Arbitration, arguing that Arrassi began a relationship with Signify as an Independent Contractor in February of 2024, at which time he "accessed the Signify Health Independent Contractor Agreement ("ICA"), which included a Mutual Agreement to Arbitrate ("Arbitration Agreement"), via the 'MD-App' platform using [Arrassi's] unique log-in credentials and personally-set password." ECF No. 12, Def's Mtn, p. 1. Signify claims that on Feburary 26, 2024, Arrassi electronically signed the Arbitration Agreement via the MD-App through its DocuSign functionality. *Id.* Because Arrassi allegedly executed the ICA, including the Arbitration Agreement, Signify alleges that the Arbitration Agreement is binding on Arrassi and all claims against Signify must proceed to arbitration as set forth in the agreement.

Arrassi's opposition to Signify's motion argues, *inter alia*, that no valid arbitration agreement exists, that the arbitration agreement is unconscionable, and that Signify waived arbitration. ECF No. 14, Pl's Oppo. to Mtn to Compel.

## II.    **LEGAL STANDARD**

Despite Signify making no mention of the proper standard of review in its motion to compel, it is well established in this circuit that a motion to compel arbitration is governed either by the motion to dismiss standard of Rule 12(b)(6) or the motion for summary judgment standard of Rule 56. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773-774 (3d Cir. 2013). The motion to dismiss standard applies "when 'the existence of a valid agreement to arbitrate between the parties is apparent from the face of the complaint.'" *Young v. Experian*

*Info. Sols., Inc.,* 119 F.4th 314, 317-318 (3d Cir. 2024) (quoting *Singh v. Uber Techs. Inc.,* 939 F.3d 210, 216 (3d Cir. 2019)). The Rule 56 summary judgment standard applies when the "complaint does not set forth clearly that the claims are subject to an arbitration agreement, or if the plaintiff rebuts the motion to compel 'with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement.'" *Young*, 119 F.4th at 319 (quoting *Guidotti*, 716 F.3d at 774).

### III.   ANALYSIS

In the instant matter, Arrassi's *pro se* Complaint does not mention the existence of the Arbitration Agreement. Rather, Signify relies on the Declaration of Brittney Hargrove, the Credentialing Manager for Signify Health to establish the existence and validity of the Agreement. ECF No. 12-1, Decl. of B. Hargrove. Attached to Hargrove's Declaration is a copy of the Arbitration Agreement that Signify contends was executed by Arrassi. ECF No. 12-1, Ex. 1, Independent Contractor Agmt, pp. 14-15. In his opposition to Signify's Motion, Arrassi contests the validity of the Arbitration Agreement.

As the Arbitration Agreement is not apparent on the face of the Complaint, and Arrassi is contesting its validity, I must apply the Rule 56 standard to the instant motion to compel arbitration. When a motion to compel arbitration cannot be decided on the face of the complaint such as this, "*both* parties must be afforded an opportunity to develop the factual record relevant to the motion through formal discovery." *Checchia v. SoLo Funds, Inc.*, 2024 WL 3717491 at *3 (3d Cir. 2024) (citing *Robert D. Mabe, Inc., v. OptumRX*, 43 F.4th 307, 329-30 (3d Cir. 2022)). "This formal discovery, limited to the question of arbitrability, may then be followed by a renewed motion to compel arbitration wherein both the moving and non-moving parties' arguments can be supported by a developed record." *Robert D. Mabe, Inc.*, 43 F.4th at 330. As

Signify's motion to compel arbitration cannot be decided on the face of the Complaint, it will be denied at this time, and the parties will be permitted to engage in a brief period of discovery as to the question of arbitrability.

IV.    **<u>CONCLUSION</u>**

For the reasons set forth above, I deny Signify's Motion to Compel Arbitration without prejudice to its right to refile once the parties have engaged in a brief period of discovery regarding the Arbitration Agreement.